FILED by _____ D.C
ELECTRONIC

Jul 31, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 13-80152-CR-RYSKAMP/HOPKINS

CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 641
18 U.S.C. § 1001
18 U.S.C. § 1014
18 U.S.C. § 2

UNITED STATES OF AMERICA

vs.

**GLORIA NEREIDA VALLE-CLAS,**
　　a/k/a Nereida Valle, Gloria Lopes Clas,
　　Gloria Clas, Gloria Lopez-Clas,
　　Gloria LopezClas, Gloria Lopez, Gloria L Clas, Gloria Nereida Valle,
　　Gloria Nereida Clas-Valle, Gloria Nereida Valle Clas,
　　Nereida Rios, Gloria Nereida Valle Lopez,

　　**and**

**ALEXANDER GONZALEZ,**
　　a/k/a Alexander Jose Gonzalez Flores, Alexander Gonzalez-Flores,
　　Alex Gon-Flor, Alec Flor, Aleq Flor, Alec Gonzalez,
　　Jose Gonzalez, Jose Alexander Gonzalez

　　**Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

## THE DEFENDANTS

1. Defendant **GLORIA NEREIDA VALLE-CLAS** used two separate social security numbers (SSN's) to maintain multiple identities. The two SSN's were: 1) SSN ending

-9925, which was originally issued under the name "Nereida Valle" with a date of birth of October 29, 1964; and 2) SSN ending -0854, which was originally issued under the name "Gloria Lopes Clas" with a date of birth of June 10, 1944.  Most often, names used by defendant **GLORIA NEREIDA VALLE-CLAS** that were associated with SSN ending -9925 were variations on the name "Nereida Valle," and names associated with SSN ending -0854 were variations on the name "Gloria Lopes Clas."   At times, the names were mixed.  Names known to have been used by defendant **GLORIA NEREIDA VALLE-CLAS** include:  Nereida Valle, Gloria Lopes Clas, Gloria Clas, Gloria Lopez-Clas, Gloria LopezClas, Gloria Lopez, Gloria L Clas, Gloria Nereida Valle, Gloria Nereida Clas-Valle, Gloria Nereida Valle Clas, Nereida Rios, and Gloria Nereida Valle Lopez.

2.  Defendant **GLORIA NEREIDA VALLE-CLAS**'s reported name at birth was "Nereida Valle," and her date of birth was October 29, 1964.  On or about March 25, 2003, defendant **GLORIA NEREIDA VALLE-CLAS** legally changed her name from "Nereida Valle" to **GLORIA NEREIDA VALLE-CLAS**, date of birth October 29, 1964.  On or about October 28, 2008, defendant **GLORIA NEREIDA VALLE-CLAS** applied for a replacement Social Security card under SSN ending -9925 changing from the name "Nereida Valle" to "Gloria Nereida Valle Clas."

3.  Defendant **ALEXANDER GONZALEZ** used SSN ending -3114 originally issued under the name "**ALEXANDER GONZALEZ**" with a date of birth of November 22, 1972.  Defendant **ALEXANDER GONZALEZ** also used multiple names.  Names known to have been used by defendant **ALEXANDER GONZALEZ** include:    Alexander

- 2 -

Gonzalez-Flores, Alex Gon-Flor, Alec Flor, Aleq Flor, Alec Gonzalez, Jose Gonzalez, and Jose Alexander Gonzalez. Defendant **ALEXANDER GONZALEZ**'s reported name at birth was "Alexander Jose Gonzalez Flores."

4. Defendant **GLORIA NEREIDA VALLE-CLAS** and defendant **ALEXANDER GONZALEZ** were legally married on or about January 29, 2006, in Broward County, Florida.

## FEDERAL BENEFIT PROGRAMS

5. In order to qualify for the federal benefit programs listed below, program recipients must truthfully report the names of all individuals living in their households, and must certify the income and assets of all household members.   Only those individuals living in households at or below specified lower-income levels qualify for the programs. Individuals must report any changes in their household composition, household income, or household assets within a month or less of any change.

6. **HOUSING BENEFITS**:   The United States Department of Housing & Urban Development (HUD), a department of the United States of America, pays rental assistance subsidies, commonly referred to as Section 8, on behalf of qualified households of limited income and resources.   Section 8 HUD benefits are administered through local Housing Authorities.   In Broward County, Florida, one of the Housing Authorities through which Section 8 HUD benefits are administered is the Broward County Housing Authority.   In Palm Beach County, Florida, one of the Housing Authorities through which Section 8 HUD benefits are administered is the Boca Raton

Housing Authority.  Section 8 funds are issued to property owners as full or partial rental payments for qualified tenants.

7. **SOCIAL SECURITY BENEFITS**:  The United States Social Security Administration (SSA), an agency of the United States of America, pays Supplemental Security Income (SSI) program benefits to elderly or disabled individuals of limited income and resources. These benefits are issued directly to the qualified recipients.

8. **FOOD ASSISTANCE BENEFITS**:  The United States Department of Agriculture (USDA), a department of the United States of America, through the Food Nutrition Service, provides Supplemental Nutrition Assistance Program (SNAP) benefits, formerly known as food stamps, to qualified households of limited income and resources in need of assistance with the purchase of food.  Within the State of Florida, the SNAP program is managed by the Florida Department of Children and Families.  Qualified recipients are provided with an electronic benefits card which they can use to purchase eligible food items.

9. **CASH ASSISTANCE WELFARE BENEFITS**:  The United States Department of Health and Human Services (HHS), a department of the United States of America, provides Temporary Assistance for Needy Families (TANF) benefits, formerly known as Aid to Families with Dependent Children (AFDC), to qualified households of limited income and resources with dependent children.  Within the State of Florida, the TANF program is managed by the Florida Department of Children and Families.  The program provides cash assistance benefits, often referred to as "welfare," directly to qualified families.

10. **HEALTH CARE BENEFITS**:  HHS also provides Medicaid benefits to individuals of limited income and resources in need of medical treatment. The Medicaid Program is funded jointly with federal and state monies.  Within the State of Florida, Medicaid services are supervised and administered by the Agency of Health Care Administration. Medicaid payments are made on behalf of qualified recipients directly to medical service providers.

**REAL ESTATE HOLDINGS OF THE DEFENDANTS**

11. The Loxahatchee Property: From on or about November 3, 2000 through on or about the present, at various times, and individually and together under a variety of names, defendant **GLORIA NEREIDA VALLE-CLAS** and defendant **ALEXANDER GONZALEZ** owned over an acre of land at 91st Place North, in Loxahatchee, Florida, on which they built an approximately 2,700 square foot residence (the "Loxahatchee Property.")

12. Broward Property #1:  From on or about October 15, 2002 through on or about November 29, 2005, defendant **ALEXANDER GONZALEZ** owned a residence located on SW 82nd Avenue in North Lauderdale, Florida ("Broward Property #1.") Defendant **ALEXANDER GONZALEZ** purchased Broward Property #1 for approximately $130,000 and sold it for approximately $240,000.

13. Broward Property #2: From on or about October 10, 2003 through on or about August 19, 2005, defendant **GLORIA NEREIDA VALLE-CLAS**, under the name "Gloria Clas," owned a separate residence also located on SW 82nd Avenue in North Lauderdale, Florida ("Broward Property #2.") Defendant **GLORIA NEREIDA VALLE-CLAS**

purchased Broward Property #2 for approximately $136,500 and sold it for approximately $239,900.

## FINANCIAL INSTITUTIONS

14. Washington Mutual Bank N.A., also known as WaMu, was a federally insured financial institution.  JP Morgan Chase  Bank N.A. was successor to Washington Mutual Bank for its mortgage loan portfolio, and was also a federally insured financial institution.

15. A Home Equity Line of Credit ("HELOC") is a type of mortgage loan collateralized by the equity in a home.

### COUNT 1
### CONSPIRACY
### 18  U.S.C. §371

16. The General Allegations set forth in paragraphs one through fifteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

17. From on or about December 3, 2003 until on or about January 31, 2013, in Palm Beach County and Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GLORIA NEREIDA VALLE-CLAS,**
**a/k/a Nereida Valle, Gloria Lopes Clas, Gloria Clas,**
**Gloria Lopez-Clas, Gloria LopezClas, Gloria Lopez, Gloria L Clas,**
**Gloria Nereida Valle, Gloria Nereida Clas-Valle,**
**Gloria Nereida Valle Clas, Nereida Rios, Gloria Nereida Valle Lopez,**
**and**
**ALEXANDER GONZALEZ,**
**a/k/a Alexander Jose Gonzalez Flores, Alexander Gonzalez-Flores,**
**Alex Gon-Flor, Alec Flor Aleq Flor, Alec Gonzalez,**
**Jose Gonzalez, Jose Alexander Gonzalez**

- 6 -

did knowingly and willfully combine, conspire, confederate, agree, and reach a tacit understanding with each other to commit offenses against the United States, that is:

a)  to knowingly steal, embezzle, purloin and convert to their own use and the use of another a voucher, money and thing of value of the United States, and a department or agency thereof, to wit, Section 8 HUD rental assistance subsidies, with an aggregate value of more than $1,000 combining amounts from all Sections 641 counts for which each defendant is convicted in this case, and aid and abet therein, in violation of Title 18, United States Code, Sections 641 and 2;

b)  to knowingly and willfully make materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of a department of the executive branch of the United States, to wit, HUD, and aid and abet therein, in violation of Title 18, United States Code, Sections 1001 and 2; and

c)  to knowingly make a false statement and report for the purpose of influencing the actions of a financial institution, to wit, JP Morgan Chase Bank N.A. as successor to Washington Mutual Bank N.A., the accounts of which were insured by the Federal Deposit Insurance Corporation, in connection with a request for a modification of a HELOC loan relating to the Loxahatchee Property, and aid and abet therein, in violation of Title 18, United States Code, Sections 1014 and 2.

## PURPOSE AND OBJECT OF THE CONSPIRACY

18. It was the purpose and object of the conspiracy for the defendants to unlawfully enrich themselves by having defendant **GLORIA NEREIDA VALLE-CLAS** use different names and SSN's to act as both tenant and landlord in obtaining federal housing benefits

- 7 -

for Broward Property #1 and the Loxahatchee Property, and by obtaining a charge-off of a mortgage housing HELOC loan on the Loxahatchee Property.

## MANNER AND MEANS

It was part of the manner and means of the conspiracy that:

19. Defendant **GLORIA NEREIDA VALLE-CLAS** used two separate social security numbers and multiple names, most of which were variations on the names "Nereida Valle" and "Gloria Lopes Clas."

20. Defendant **ALEXANDER GONZALEZ** used multiple names, most of which were variations on his birth name, "Alexander Jose Gonzalez Flores."

21. Defendant **GLORIA NEREIDA VALLE-CLAS** and defendant **ALEXANDER GONZALEZ**, at various times, and individually and together under a variety of names, owned real property, specifically the Loxahatchee Property, Broward Property #1, and Broward Property #2.

22. Defendant **GLORIA NEREIDA VALLE-CLAS** and defendant **ALEXANDER GONZALEZ**, at various times, and individually and together under a variety of names, maintained approximately fifteen bank accounts and owned approximately five vehicles.

23. Defendant **GLORIA NEREIDA VALLE-CLAS** and defendant **ALEXANDER GONZALEZ**, at various times, and individually and together under a variety of names, earned income at a number of different jobs and owned businesses under names including "Sierra Savanna, Inc.," "Sierra Savanna Enterprise Trust,""InkPlusToner LLC," and "Ink and Toner USA."

24. Defendant **GLORIA NEREIDA VALLE-CLAS,** using SSN ending -9925 and most often under the name "Nereida Valle," fraudulently claimed to qualify as a tenant for federal housing benefits.  She did so by making material false statements and omissions to the Broward County Housing Authority and to the Boca Raton Housing Authority, to wit:

   a. defendant **GLORIA NEREIDA VALLE-CLAS** claimed she was single when, in fact, she was married to defendant **ALEXNADER GONZALEZ** as of at least January, 2006;

   b. defendant **GLORIA NEREIDA VALLE-CLAS** failed to disclose that her household composition included defendant **ALEXANDER GONZALEZ** when, in fact, it did;

   c. defendant **GLORIA NEREIDA VALLE-CLAS** claimed no one in her household owned any real property when, in fact, at various times, and individually and together under a variety of names, she and **ALEXANDER GONZALEZ** owned the Loxahatchee Property, Broward Residence #1, and Broward Residence #2;

   d. defendant **GLORIA NEREIDA VALLE-CLAS** failed to disclose bank accounts and vehicles owned by members of her household when, in fact, at various times and individually and together under a variety of names, she and defendant **ALEXANDER GONZALEZ** maintained bank accounts and owned vehicles that were not disclosed; and

- 9 -

e. defendant **GLORIA NEREIDA VALLE-CLAS** claimed no one in her household was employed or owned any businesses when, in fact, at various times, and individually and together under a variety of names, she and defendant **ALEXANDER GONZALEZ** were employed and owned businesses.

25. Based upon these false statements, from on or about December 3, 2003 through on or about November 1, 2005, defendant **GLORIA NEREIDA VALLE-CLAS** received Section 8 HUD housing benefits from the Broward County Housing Authority for Broward Property #1. From on or about November 1, 2005 through on or about January 31, 2013, defendant **GLORIA NEREIDA VALLE-CLAS** received Section 8 HUD housing benefits from the Boca Raton Housing Authority for the Loxahatchee Property. All of the benefits were paid on behalf of defendant **GLORIA NEREIDA VALLE-CLAS,** as a tenant under SSN ending -9925 and most often under the name "Nereida Valle," to either defendant **GLORIA NEREIDA VALLE-CLAS,** as a landlord under SSN ending -0854 using variations on the name "Gloria Clas," or to defendant **ALEXANDER GONZALEZ** as landlord or property manager. The total amount of federal housing benefits paid on behalf of defendant **GLORIA NEREIDA VALLE-CLAS,** as tenant, to defendants **GLORIA NEREIDA VALLE-CLAS** and/or defendant **ALEXANDER GONZALEZ,** as landlords or property managers, was approximately $90,000.

26. To facilitate the continued payment of fraudulent federal benefits to defendant **GLORIA NEREIDA VALLE-CLAS,** defendant **ALEXANDER GONZALEZ,** at various times and under a variety of names, made oral and written misrepresentations to the Broward

County Housing Authority and the Boca Raton Housing Authority.   For example, defendant **ALEXANDER GONZALEZ,** acting as the landlord or property manager of Broward Property #1 and the Loxahatchee Property, falsely claimed that "Nereida Valle," or variations on that name, as tenant and "Gloria Clas," or variations on that name, as landlord were different people; and failed to disclose that he and defendant **GLORIA NEREIDA VALLE-CLAS** lived together in each property and, as of at least January, 2006, were married.

27. Beginning in or about July, 2008, defendant **GLORIA NEREIDA VALLE-CLAS** applied for loan modifications of a $136,000 construction mortgage loan with National City Mortgage Company, and a $200,000 HELOC loan with JP Morgan Chase Bank N.A. as successor to Washington Mutual Bank N.A..  Defendant **GLORIA NEREIDA VALLE-CLAS** had originally obtained both loans as owner of the Loxahatchee Property using the name "Gloria L. Clas" and SSN ending -0854.  In applying for the loan modifications, defendant **GLORIA NEREIDA VALLE-CLAS** failed to disclose all of her income and assets, including her receipt of federal housing benefits, as either tenant or landlord, on the Loxahatchee Property.  Defendant **GLORIA NEREIDA VALLE-CLAS** also failed to disclose her receipt of other federal benefits, to wit, social security disability benefits, food assistance benefits, cash assistance welfare benefits and health care benefits, which she received under SSN ending -9925 and most often under the name "Nereida Valle."

28. To facilitate defendant **GLORIA NEREIDA VALLE-CLAS's** applications for loan modifications, defendant **ALEXANDER GONZALEZ,** at various times and under a

variety of names, submitted documentation claiming to be the employer of "Gloria Clas" at an ink and toner business and providing verification of her reduced employee income when, in fact, defendant **ALEXANDER GONZALEZ** and defendant **GLORIA NEREIDA VALLE-CLAS** owned the ink and toner business together.   Defendant **ALEXANDER GONZALEZ**, at various times and under different names, also submitted documentation claiming to be the father-in-law or uncle of "Gloria Clas" and asserting that he would subsidize her monthly expenses, when, in fact, defendant **ALEXANDER GONZALEZ** and defendant **GLORIA NEREIDA VALLE-CLAS** were married and shared expenses while living together at the Loxahatchee Property.

29. On or about April 21, 2009, JP Morgan Chase Bank N.A., as successor to Washington Mutual Bank N.A., charged off approximately $145,466.02 remaining on its HELOC mortgage loan on the Loxahatchee Property.

### OVERT ACTS

In furtherance of the conspiracy, and to achieve the objects thereof, in the Southern District of Florida, and elsewhere, one or more co-conspirators committed or caused the commission of at least one of the following overt acts:

30. The violations of Title 18, United States Code, Section 641 set forth hereafter at Counts 2 through 7 are incorporated herein and further alleged as though stated as individual overt acts done in furtherance of the conspiracy.

31. The violations of Title 18, United States Code, Section 1001 set forth hereafter at Counts 31 through 35 are incorporated herein and further alleged as though stated as individual overt acts done in furtherance of the conspiracy.

32. The violation of Title 18, United States Code, Section 1014 set forth hereafter at Count 36 is incorporated herein and further alleged as though stated as an individual overt act done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 371.

### COUNTS 2-7
### 18 U.S.C. § 641
### THEFT OF HUD HOUSING BENEFIT FUNDS

33. The General Allegations set forth in paragraphs one through six and paragraphs eleven through thirteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

34. On or about the dates alleged in each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GLORIA NEREIDA VALLE-CLAS,**
**a/k/a Nereida Valle, Gloria Lopes Clas, Gloria Clas,**
**Gloria Lopez-Clas, Gloria LopezClas, Gloria Lopez, Gloria L Clas,**
**Gloria Nereida Valle, Gloria Nereida Clas-Valle,**
**Gloria Nereida Valle Clas, Nereida Rios, Gloria Nereida Valle Lopez,**
**and**
**ALEXANDER GONZALEZ,**
**a/k/a Alexander Jose Gonzalez Flores, Alexander Gonzalez-Flores,**
**Alex Gon-Flor, Alec Flor Aleq Flor, Alec Gonzalez,**
**Jose Gonzalez, Jose Alexander Gonzalez**

did knowingly steal, embezzle, purloin and convert to their own use and the use of another a voucher, money and thing of value of the United States, and a department or

- 13 -

agency thereof, to wit, Section 8 HUD rental assistance subsidies, with an aggregate value of more than $1,000 combining amounts from all Section 641 counts for which each defendant is convicted in this case, and did aid and abet therein, as follows:

| COUNT | DATE | DESCRIPTION | AMOUNT PAID |
|-------|------|-------------|-------------|
| 2 | 8/1/2008 | HUD monthly payment on behalf of SSN ending -9925 | $950 |
| 3 | 11/1/2009 | HUD monthly payment on behalf of SSN ending -9925 | $965 |
| 4 | 10/15/2010 | HUD monthly payment on behalf of SSN ending -9925 | $965 |
| 5 | 11/2/2011 | HUD monthly payment on behalf of SSN ending -9925 | $788 |
| 6 | 11/2/2012 | HUD monthly payment on behalf of SSN ending -9925 | $900 |
| 7 | 1/1/2013 | HUD monthly payment on behalf of SSN ending -9925 | $900 |

All in violation of Title 18, United States Code, Sections 641 and 2.

<u>**COUNTS 8-13**</u>
**18 U.S.C. § 641**
**THEFT OF SSA SSI SOCIAL SECURITY BENEFIT FUNDS**

35. The General Allegations set forth in paragraphs one through five and paragraph seven of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

36. On or about the dates alleged in each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GLORIA NEREIDA VALLE-CLAS,**
**a/k/a Nereida Valle, Gloria Lopes Clas, Gloria Clas,**
**Gloria Lopez-Clas, Gloria LopezClas, Gloria Lopez, Gloria L Clas,**
**Gloria Nereida Valle, Gloria Nereida Clas-Valle,**

- 14 -

**Gloria Nereida Valle Clas, Nereida Rios, Gloria Nereida Valle Lopez,**

did knowingly steal, embezzle, purloin and convert to her own use and the use of another a voucher, money and thing of value of the United States, and a department or agency thereof, to wit, SSA SSI disability payments, with an aggregate value of more than $1,000 combining amounts from all Section 641 counts for which the defendant is convicted in this case, as follows:

| COUNT | DATE | DESCRIPTION | AMOUNT PAID |
|-------|------|-------------|-------------|
| 8 | 10/1/08 | SSI monthly payment to SSN ending -9925 | $637.00 |
| 9 | 10/1/09 | SSI monthly payment to SSN ending -9925 | $674.00 |
| 10 | 10/1/10 | SSI monthly payment to SSN ending -9925 | $674.00 |
| 11 | 10/1/11 | SSI monthly payment to SSN ending -9925 | $674.00 |
| 12 | 10/1/12 | SSI monthly payment to SSN ending -9925 | $698.00 |
| 13 | 1/1/13 | SSI monthly payment to SSN ending -9925 | $710.00 |

All in violation of Title 18, United States Code, Section 641.

<u>**COUNTS 14-19**</u>
**18 U.S.C. § 641**
**THEFT OF USDA SNAP FOOD ASSISTANCE FUNDS**

37. The General Allegations set forth in paragraphs one through five and paragraph eight of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

- 15 -

38. On or about the dates alleged in each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GLORIA NEREIDA VALLE-CLAS,**
**a/k/a Nereida Valle, Gloria Lopes Clas, Gloria Clas,**
**Gloria Lopez-Clas, Gloria LopezClas, Gloria Lopez, Gloria L Clas,**
**Gloria Nereida Valle, Gloria Nereida Clas-Valle,**
**Gloria Nereida Valle Clas, Nereida Rios, Gloria Nereida Valle Lopez,**

did knowingly steal, embezzle, purloin and convert to her own use and the use of another a voucher, money and thing of value of the United States, and a department or agency thereof, to wit, USDA SNAP food assistance benefits, with an aggregate value of more than $1,000 combining amounts from all Section 641 counts for which the defendant is convicted in this case, as follows:

| COUNT | DATE | DESCRIPTION | AMOUNT PAID |
|---|---|---|---|
| 14 | 10/20/2008 | USDA SNAP monthly payment to SSN ending -9925 | $146.00 |
| 15 | 5/20/2009 | USDA SNAP monthly payment to SSN ending -9925 | $367.00 |
| 16 | 3/20/2010 | USDA SNAP monthly payment to SSN ending -9925 | $367.00 |
| 17 | 11/20/2011 | USDA SNAP monthly payment to SSN ending -9925 | $228.00 |
| 18 | 11/20/2012 | USDA SNAP monthly payment to SSN ending -9925 | $148.00 |
| 19 | 2/20/2013 | USDA SNAP monthly payment to SSN ending -9925 | $114.00 |

All in violation of Title 18, United States Code, Section 641.

## COUNTS 20-25
### 18 U.S.C. § 641
### THEFT OF HHS TANF CASH ASSISTANCE WELFARE FUNDS

39. The General Allegations set forth in paragraphs one through five and paragraph nine of

   this Indictment are re-alleged and incorporated by reference as though fully set forth

   herein.

40. On or about the dates alleged in each count below, in Palm Beach County, in the

   Southern District of Florida, and elsewhere, the defendant,

**GLORIA NEREIDA VALLE-CLAS,**
**a/k/a Nereida Valle, Gloria Lopes Clas, Gloria Clas,**
**Gloria Lopez-Clas, Gloria LopezClas, Gloria Lopez, Gloria L Clas,**
**Gloria Nereida Valle, Gloria Nereida Clas-Valle,**
**Gloria Nereida Valle Clas, Nereida Rios, Gloria Nereida Valle Lopez,**

did knowingly steal, embezzle, purloin and convert to her own use and the use of another

a voucher, money and thing of value of the United States, and a department or agency

thereof, to wit, HHS TANF cash assistance welfare benefits, with an aggregate value of

more than $1,000 combining amounts from all Section 641 counts for which the

defendant is convicted in this case, as follows:

| COUNT | DATE | DESCRIPTION | AMOUNT PAID |
|:-----:|:----:|:-----------|:-----------:|
| 20 | 10/20/2008 | HHS TANF monthly payment to SSN ending -9925 | $95.00 |
| 21 | 5/20/2009 | HHS TANF monthly payment to SSN ending -9925 | $180.00 |
| 22 | 3/20/2010 | HHS TANF monthly payment to SSN ending -9925 | $180.00 |
| 23 | 11/20/2011 | HHS TANF monthly payment to SSN ending -9925 | $180.00 |
| 24 | 11/20/2012 | HHS TANF monthly payment to SSN ending -9925 | $180.00 |

| 25 | 2/20/2013 | HHS TANF monthly payment to SSN ending -9925 | $180.00 |

All in violation of Title 18, United States Code, Section 641.

## COUNTS 26-30
## 18 U.S.C. § 641
## THEFT OF HHS MEDICAID FUNDS

41. The General Allegations set forth in paragraphs one through five and paragraph ten of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

42. On or about the dates alleged in each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GLORIA NEREIDA VALLE-CLAS,**
**a/k/a Nereida Valle, Gloria Lopes Clas, Gloria Clas,**
**Gloria Lopez-Clas, Gloria LopezClas, Gloria Lopez, Gloria L Clas,**
**Gloria Nereida Valle, Gloria Nereida Clas-Valle,**
**Gloria Nereida Valle Clas, Nereida Rios, Gloria Nereida Valle Lopez,**

did knowingly steal, embezzle, purloin and convert to her own use and the use of another a voucher, money and thing of value of the United States, and a department or agency thereof, to wit, HHS Medicaid benefits, with an aggregate value of more than $1,000 combining amounts from all Section 641 counts for which the defendant is convicted in this case, as follows:

| COUNT | DATE | DESCRIPTION | AMOUNT OF CLAIM | AMOUNT PAID |
|-------|------|-------------|-----------------|-------------|
| 26 | 8/13/2008 | HHS Medicaid claim and payment for services provided to SSN -9925 | $243.11 | $20.70 |

| 27 | 6/24/2009 | HHS Medicaid claim and payment for services provided to SSN -9925 | $750.00 | $98.01 |
| 28 | 11/19/2010 | HHS Medicaid claim and payment for services provided to SSN -9925 | $2,727.00 | $440.79 |
| 29 | 9/07/2011 | HHS Medicaid claim and payment for services provided to SSN -9925 | $291.00 | $98.62 |
| 30 | 12/10/2012 | HHS Medicaid claim and payment for services provided to SSN -9925 | $1,335.00 | $98.01 |

All in violation of Title 18, United States Code, Section 641.

**COUNTS 31-34**
**18 U.S.C. § 1001**
**FALSE STATEMENTS TO HUD**

43. The General Allegations set forth in paragraphs one through six and paragraphs eleven through fifteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

44. On or about the dates alleged in each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GLORIA NEREIDA VALLE-CLAS,**
**a/k/a Nereida Valle, Gloria Lopes Clas, Gloria Clas,**
**Gloria Lopez-Clas, Gloria LopezClas, Gloria Lopez, Gloria L Clas,**
**Gloria Nereida Valle, Gloria Nereida Clas-Valle,**
**Gloria Nereida Valle Clas, Nereida Rios, Gloria Nereida Valle Lopez,**
**and**
**ALEXANDER GONZALEZ,**
**a/k/a Alexander Jose Gonzalez Flores, Alexander Gonzalez-Flores,**
**Alex Gon-Flor, Alec Flor Aleq Flor, Alec Gonzalez,**
**Jose Gonzalez, Jose Alexander Gonzalez**

in a matter within the jurisdiction of HUD, a department of the executive branch of the Government of the United States, did knowingly and willfully make, and did aid and abet in making, a materially false, fictitious and fraudulent statement and representation, in that, in the annual recertification documentation submitted to the Boca Raton Housing Authority on or about the dates listed below, for the purpose of verifying her qualifications for a Section 8 HUD housing subsidy for the Loxahatchee Property, defendant **GLORIA NEREIDA VALLE-CLAS**, under the name and SSN listed as to each count, made false and fraudulent representations, to wit:

a.  defendant **GLORIA NEREIDA VALLE-CLAS** claimed she was single when, in fact, she was married to defendant **ALEXANDER GONZALEZ** as of at least January, 2006;

b.  defendant **GLORIA NEREIDA VALLE-CLAS** failed to disclose that her household composition included defendant **ALEXANDER GONZALEZ** when, in fact, it did;

c.  defendant **GLORIA NEREIDA VALLE-CLAS** claimed no one in her household owned any real property when, in fact, at various times, and individually and together under a variety of names, she and **ALEXANDER GONZALEZ** owned the Loxahatchee Property;

d.  defendant **GLORIA NEREIDA VALLE-CLAS** failed to disclose bank accounts and vehicles owned by members of her household when, in fact, at various times and individually and together under a variety of names, she and defendant **ALEXANDER GONZALEZ** maintained bank accounts and owned vehicles that were not disclosed; and

e. defendant **GLORIA NEREIDA VALLE-CLAS** claimed no one in her household was employed or owned any businesses when, in fact, at various times, and individually and together under a variety of names, she and defendant **ALEXANDER GONZALEZ** were employed and owned businesses.

| COUNT | DATE | NAME USED FOR APPLICATION | SSN USED FOR APPLICATION |
|---|---|---|---|
| 31 | July 5, 2009 | "Nereida Valle" | Ending -9925 |
| 32 | June 30, 2010 | "Nereida Valle" | Ending -9925 |
| 33 | July 14, 2011 | "Nereida Valle" | Ending -9925 |
| 34 | July 16, 2012 | "Gloria Nereida Valle Clas" | Ending -9925 |

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 36
## 18 U.S.C. § 1014
## FALSE STATEMENTS TO BANK

45. The General Allegations set forth in paragraphs one through fifteen of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

46. On or about January 9, 2009, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GLORIA NEREIDA VALLE-CLAS,**
**a/k/a Nereida Valle, Gloria Lopes Clas, Gloria Clas,**
**Gloria Lopez-Clas, Gloria LopezClas, Gloria Lopez, Gloria L Clas,**
**Gloria Nereida Valle, Gloria Nereida Clas-Valle,**
**Gloria Nereida Valle Clas, Nereida Rios, Gloria Nereida Valle Lopez,**
**and**
**ALEXANDER GONZALEZ,**
**a/k/a Alexander Jose Gonzalez Flores, Alexander Gonzalez-Flores,**

- 21 -

**Alex Gon-Flor, Alec Flor Aleq Flor, Alec Gonzalez,**
**Jose Gonzalez, Jose Alexander Gonzalez,**

did knowingly make, and did aid and abet in making, a false statement and report for the

purpose of influencing the actions of a financial institution, to wit, JP Morgan Chase

Bank N.A. as successor to Washington Mutual Bank N.A., the accounts of which were

insured by the Federal Deposit Insurance Corporation, in connection with a request for a

modification of a HELOC loan relating to the Loxahatchee Property, in that:

    a. defendant **GLORIA NEREIDA VALLE-CLAS**, as "Gloria Clas," submitted a

        financial statement on which she falsely claimed monthly Rental Property

        Income of $0, when in fact, as the defendants well knew, defendant **GLORIA**

        **NEREIDA VALLE-CLAS** as "Gloria Clas" received monthly Section 8 HUD

        Rental Property Income as a landlord on behalf of defendant **GLORIA**

        **NEREIDA VALLE-CLAS** as "Nereida Valle" as a tenant for the Loxahatchee

        Property;

    b. defendant **GLORIA NEREIDA VALLE-CLAS**, as "Glorida Clas," submitted a

        financial statement on which falsely claimed monthly Other Income of $0 when

        in fact, as the defendants well knew, defendant **GLORIA NEREIDA VALLE-**

        **CLAS** received monthly Other Income including social security disability

        benefits, food benefits, cash assistance welfare benefits and health care benefits

        under SSN ending -9925 and most often under the name "Nereida Valle;"

    c. defendant **ALEXANDER GONZALEZ,** at various times and under different

        names, submitted documentation claiming to be the employer of "Gloria Clas" at

an ink and toner business and providing verification of her reduced employee income when, in fact, as the defendants well knew, defendant **ALEXANDER GONZALEZ** and defendant **GLORIA NEREIDA VALLE-CLAS** owned the ink and toner business together; and

d. defendant **ALEXANDER GONZALEZ**, at various times and under different names, submitted documentation claiming to be the father-in-law or uncle of "Gloria Clas" and asserting that he would pay certain of her monthly expenses, when, in fact, as the defendants well knew, defendant **ALEXANDER GONZALEZ** and defendant **GLORIA NEREIDA VALLE-CLAS** were married and shared expenses while living together at the Loxahatchee Property.

All in violation of Title 18, United States Code, Sections 1014 and 2.

**A TRUE BILL**

_____
**FOREPERSON**

_____
**WIFREDO A. FERRER**
**UNITED STATES ATTORNEY**

_____
**CAROLYN BELL**
**ASSISTANT UNITED STATES ATTORNEY**

- 23 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.** _____ |
| **vs.** | |
| **GLORIA NEREIDA VALLE-CLAS, and** | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| **ALEXANDER GONZALEZ,** | |
| **Defendants.    /** | **Superseding Case Information:** |

**Court Division:** (Select One)

New Defendant(s)          Yes _____    No ____
Number of New Defendants          _____
Total number of counts          _____

____ Miami      ____ Key West
____ FTL      _X_ WPB      ____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the information, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No)      _Yes_
    List language and/or dialect      _Spanish_____

4.  This case will take      _10_   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    | | (Check only one) | | | (Check only one) | |
    |---|---|---|---|---|---|
    | I | 0 to 5 days | _____ | | Petty | _____ |
    | II | 6 to 10 days | _X_ | | Minor | _____ |
    | III | 11 to 20 days | _____ | | Misdem. | _____ |
    | IV | 21 to 60 days | _____ | | Felony | _X_ |
    | V | 61 days and over | _____ | | | |

6.  Has this case been previously filed in this District Court? (Yes or No)      _No_
    If yes:
    Judge: _____      Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?      (Yes or No)      _No_
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____      District of _____

    Is this a potential death penalty case? (Yes or No)      _No_

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to  October 14, 2003?      Yes _____      No    _X_

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?      Yes _____      No    _X_

_Carolyn Bell_
CAROLYN BELL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. A5500286

\*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** GLORIA NEREIDA VALLE-CLAS

**Case No:** _____

Count #: 1

 Conspiracy.

 18 U.S.C. § 371

**\* Max.Penalty:** 5 years imprisonment; $250,000 fine or not more than twice the gross gain or loss from the offense whichever is greater; up to 3 years supervised release.

Counts #: 2 - 30

 Theft of Government funds.

 18 U.S.C. § 641

**\* Max.Penalty:** 10 years imprisonment; $250,000 fine or not more than twice the gross gain or loss from the offense whichever is greater; up to 3 years supervised release.

Counts #: 31 - 35

 False statements to HUD.

 18 U.S.C. § 1001

**\* Max.Penalty:** 5 years imprisonment; $250,000 fine or not more than twice the gross gain or loss from the offense whichever is greater; up to 5 years supervised release.

Count #: 36

 False statements to bank.

 18 U.S.C. § 1014

* **Max.Penalty**:      30 years imprisonment; $1,000,000 fine or not more than twice the gross
                        gain or loss from the offense whichever is greater; up to 5 years supervised
                        release.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: ALEXANDER GONZALEZ

**Case No**:

Count #: 1

 Conspiracy.

 18 U.S.C. § 371

**\* Max.Penalty**:    5 years imprisonment; $250,000 fine or not more than twice the gross gain or loss from the offense whichever is greater; up to 3 years supervised release.

Counts #: 2 - 7

 Theft of Government funds.

 18 U.S.C. § 641

**\* Max.Penalty**:    10 years imprisonment; $250,000 fine or not more than twice the gross gain or loss from the offense whichever is greater; up to 3 years supervised release.

Counts #: 31 - 35

 False statements to HUD.

 18 U.S.C. § 1001

**\* Max.Penalty**:    5 years imprisonment; $250,000 fine or not more than twice the gross gain or loss from the offense whichever is greater; up to 5 years supervised release.

Count #: 36

False statements to bank.

18 U.S.C. § 1014

**\* Max.Penalty**:  30 years imprisonment; $1,000,000 fine or not more than twice the gross gain or loss from the offense whichever is greater; up to 5 years supervised release.

FORM DBD-34

No. _____

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ Florida

Northern _____ Division

## THE UNITED STATES OF AMERICA

vs.

GLORIA NEREIDA VALLE-CLAS,

and

ALEXANDER GONZALEZ,

Defendants

## INDICTMENT

18 U.S.C. § 371
18 U.S.C. § 641
18 U.S.C. § 1001
18 U.S.C. § 1014
18 U.S.C. § 2

A true bill.

_____
Foreperson

FGJ 13-01(WPB)

Filed in open court this _____ day,

of _____ A.D. 2012

_____
Clerk

Bail, $ _____